# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Terri Timmons Everman, ) | |
| ) | Civil Action No.: 2:17-cv-03348-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on January 16, 2019 (ECF No. 21). The Report addresses Plaintiff Terri Timmons Everman's claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 21 at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 21 at 1–6.) As background, Plaintiff filed an application for DIB under the Social Security Act in August 2009, which was denied initially and upon reconsideration. (*Id.* at 1–2.) After an administrative hearing on August 25, 2011, an Administrative Law Judge ("ALJ") issued a decision on October 28, 2011, finding Plaintiff was not disabled under the Social Security Act. (*Id.* at 2.) Plaintiff requested review of the decision by the Appeals Council ("the Council"), which vacated the hearing decision and remanded the case to the ALJ. (ECF No. 6-3 at 26.) The Council found the hearing decision "d[id] not contain

1

an evaluation of the medical source opinion from [Dr.] Ricardo Fermo" and "d[id] not adequately assess whether [Plaintiff] requires an assistive device to ambulate, despite numerous records, which have indicated [Plaintiff] present[ed] to appointments with an assistive device." (*Id.* at 26–27.) On remand, the Council directed the ALJ to (1) "[f]urther evaluate [Plaintiff]'s mental impairments in accordance with . . . 20 [§] CFR 404.1520a [and] provid[e] specific findings and appropriate rationale for each of the functional areas described in 20 [§] CFR 404.1520a(c)"; (2) "[g]ive further consideration to [Plaintiff]'s maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations" and "evaluate Dr. Fermo's opinion . . . and explain the weight given to such opinion evidence"; (3) "[g]ive further consideration to whether [Plaintiff] was capable of performing any of her past relevant work"; and (4) "[i]f warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitation on [Plaintiff]'s occupational base . . . . The hypothetical questions should reflect the specific capacity limitations established by the record as a whole." (*Id.* at 27.)

On remand, the ALJ held an administrative hearing on February 11, 2014. (ECF No. 6-2 at 20.) On March 13, 2014, the ALJ issued a decision, again finding Plaintiff was not disabled under the Social Security Act through her date last insured. (*Id.* at 21.) The ALJ found Plaintiff had the residual functional capacity ("RFC")

> to perform sedentary work . . . with some additional limitations. Specifically, [Plaintiff] can lift and carry 10 pounds occasionally and lesser amounts frequently. She is limited to work which is capable of being performed while seated in a wheelchair, with no standing or walking, for the entire work day. She can perform no climbing, crawling, or balancing. She is restricted from exposure to any kind of industrial hazard. [Plaintiff] may perform no more than occasional crouching and stooping. She is limited to work in a low-stress work setting where there is no more than occasional decision-making or changes in setting. She may have no interaction with the general public and no more than occasional interaction with co-workers and supervisors.

2

(*Id.* at 26.)

Plaintiff requested review of the ALJ's second decision by the Council, which was denied on August 12, 2015. (*Id.* at 2.) Plaintiff then filed a civil action in this court—*Everman v. Comm'r of Soc. Sec.*, Civil Action No. 2:15-cv-04072-JMC—challenging the ALJ's March 2014 decision. (ECF No. 21 at 2.) In response, the Commissioner filed a voluntary motion to remand, which the court granted. (ECF No. 8-4 at 13–16.) Pursuant to the court's remand order, the Council vacated the March 2014 decision of the Commissioner and remanded the case to the ALJ to resolve three issues. (*Id.* at 4.) First, the Council found "[t]he hearing decision indicates [Plaintiff]'s severe bilateral knee osteoarthritis and severe degenerative disc disease did not meet the requirements of listings 1.02 and 1.04 . . . but the decision does not provide an explanation with appropriate rationale supporting this finding." (*Id.*) Thus, the Council determined "[f]urther evaluation at Step 3 of the sequential evaluation process is warranted to determine whether [Plaintiff]'s impairments meet or medically equal Listings 1.02 or 1.04." (*Id.*) Second, the Council found "[t]he hearing decision does not address [Plaintiff]'s capacity for work in light of her prospects for absenteeism" and determined "further evaluation of [Plaintiff]'s absenteeism[,] as noted in the opinions of Dr. Fermo[,] is necessary, with an explanation of the weight accorded [to Dr. Fermo's opinions]." (*Id.* at 4–5.) Lastly, the Council observed that "[t]he vocational expert acknowledged that the limitation to remain seated during the workday does affect the job base, but did not know the extent of the impact." (*Id.* at 5.) Based on this testimony by the vocational expert, the Council found "the Step 5 finding[1] [wa]s not supported by substantial evidence" and "[f]urther development [wa]s required." (*Id.*)

---

[1] Disability claims are considered by using a five-step process. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five steps are evaluated in sequential order, and

On July 11, 2017, the ALJ held a third administrative hearing. (ECF No. 8-3 at 5.) The ALJ again determined that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in . . . 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [§§] 404.1520(d), 404.1525 and 404.1526)." (*Id.* at 9.) Additionally, the ALJ found that through the date last insured, Plaintiff had the RFC

> to perform sedentary work[2] . . . with some non-exertional limitations. Specifically, [Plaintiff] was able to lift and carry 10 pounds occasionally and lesser amounts frequently. She was able to sit for 6 hours in an 8-hour day, and stand and walk occasionally, but she required a sit/stand option at will to be exercised for up to 30 minutes each working hour. She could perform no climbing, crawling or balancing. She could have no exposure to industrial hazards. [Plaintiff] could perform no more than occasional crouching and stooping. She was limited to work in a low-stress work setting with no more than occasional decision-making or changes in setting. She could have no interaction with the general public and no more than occasional interaction with co-workers and supervisors.

(*Id.* at 12.) After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that through the date last insured, "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." (*Id.* at 21.) On this basis, the ALJ

---

> each is potentially dispositive—thus, if a determination of disability can be made at any step, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process entails evaluating whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to his past relevant work; and (5) could perform any other work in the national economy if he cannot return to his past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant reaches step three and has an impairment that meets or equals a listed impairment, the claimant will be automatically found disabled and entitled to benefits. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Otherwise, before proceeding to step four, the claimant's residual functional capacity ("RFC") must be determined, which will then be used at steps four and five. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth, and final, step.

*Fox v. Colvin*, 632 F. App'x 750, 752–53 (4th Cir. 2015) (citation omitted).
[2] "Sedentary work requires the ability to sit for 6 hours, stand for 2 hours, and walk for 2 hours each in an 8-hour workday." (ECF No. 8-3 at 18 n.6.)

4

denied DIB to Plaintiff because she was not disabled for purposes of the Social Security Act "at any time from January 2, 2009, the alleged onset date, through December 31, 2009, the date last insured." (*Id.* at 22.) Plaintiff did not request review of the ALJ's decision by the Council, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 416.1484(d) ("If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand.").

Plaintiff filed the instant action on December 12, 2017, seeking judicial review of the Commissioner's final decision. (ECF No. 1.) Plaintiff asserted two errors by the ALJ. First, Plaintiff argues "[t]he ALJ reversibly erred by failing to comply with the remand orders issued in this case." (ECF No. 17 at 1, 14.) Specifically, Plaintiff contends the ALJ (1) did not address her inability to ambulate effectively and the ALJ's resulting RFC is not supported by substantial evidence; and (2) "contradicted the . . . Council's acknowledgment of frequent, unpredictable medical appointments[,] which were minimized[,] and disregarded much of what would have resulted in absenteeism." (*Id.* at 15.) As to Plaintiff's inability to ambulate effectively, Plaintiff challenges the ALJ's modification of the RFC from limiting Plaintiff to "work performed while seated in a wheelchair . . . [to] sedentary work with occasional standing and walking, a sit/stand option only to be 'exercised for up to 30 minutes each working hour'; and occasional crouching and stooping." (*Id.* at 15–16 (quoting ECF No. 8-3 at 12).) Plaintiff argues

> the evidence does not sufficiently support the new RFC finding [and] the ALJ's decision cannot properly be sustained. Had the ALJ reaffirmed the previous finding with regard to wheelchair usage and then proceeded to properly evaluate its effects on [Plaintiff]'s ability to sustain work, a finding of disability would have been the result. When the ALJ acknowledged [Plaintiff]'s limitations involving use of a wheelchair, the ALJ erred by finding that her impairments did not meet or equal any of the listed impairments and assuming that she was able to ambulate effectively.

(*Id.* at 17–18.) As to Plaintiff's unpredictable medical appointments and absenteeism, Plaintiff first challenges the ALJ's finding that Plaintiff's "treatment records document few significant

5

abnormal mental status findings." (*Id.* at 19 (quoting ECF No. 8-3 at 11).) But Plaintiff states that "records from Dr. Roberts, a psychiatrist who treated [Plaintiff] [during] the relevant period . . . document both extensive treatment for her mental disorders and abnormal findings including: (1) isolated interactions; (2) labile mood; (3) poor energy; (4) fair judgment; (5) hopelessness related to pain; and (6) tearfulness/depression." (*Id.*) Plaintiff also asserts that "[m]ental illness is often episodic by its very nature . . . and it is simply unreasonable to presume that treatment sessions are unnecessary except during especially symptomatic periods." (*Id.* at 20.) Furthermore, Plaintiff contends "the ALJ did not consider the importance of regular therapy in order to prevent more frequent and extreme manifestations of mental illness." (*Id.*) Plaintiff also argues the ALJ "discounted the time taken by [medical] appointments." (*Id.*)

Second, Plaintiff argues "[t]he ALJ's reasons for rejecting the opinions of Dr. Fermo[,] [Plaintiff]'s treating psychiatrist, are not supported by substantial evidence." (*Id.* at 21.) Plaintiff asserts the ALJ improperly rejected Dr. Fermo's opinion for being "retrospective in nature" because "[t]he fact that a treating physician begins treating a claimant after the date last insured does not entitle an ALJ to reject his or her opinion." (*Id.* at 26 (citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987)).) Plaintiff also notes that "Dr. Fermo began treating [Plaintiff] just a few months after the date last insured." (*Id.*) Next, in response to the ALJ's finding that although Dr. Fermo collaborated with Dr. Roberts, Dr. Fermo "did not cite any specific information provided to him by Dr. Roberts during such collaboration," Plaintiff asserts Dr. Fermo was not required to make any such citation. (*Id.* (quoting ECF No. 8-3 at 20).) Plaintiff also argues that "the ALJ's decision failed to reflect adequate consideration of other regulatory factors, such as Dr. Fermo's status as a specialist and access to the evidence of record from other treating sources." (*Id.* at 28.) Lastly, Plaintiff challenged the "summar[y] dismiss[al] by the ALJ of the more recent,

6

extremely thorough opinion evidence from Dr. Fermo." (*Id.*) Contrary to the ALJ's reasoning, Plaintiff argues the additional evidence from Dr. Fermo was

> highly relevant [and provided] helpful elaboration and clarification. For instance, Dr. Fermo clarified that [Plaintiff] at times may improve with treatment but this is temporary "and with minimal stressors patient shows the capacity to decompensate very easily." (Tr. 2334). The doctor also described the "on and off" nature of her anxiety and associated difficulties. (Tr. 2335).

(*Id.*)

The Magistrate Judge entered her report on January 16, 2019. (ECF No. 21.) As to whether the ALJ failed to comply with the September 29, 2016 Order of the Council remanding the case to the ALJ, the Magistrate Judge first noted that "[t]he ALJ's decision to change Plaintiff's RFC assessment . . . is not an error, in itself." (*Id.* at 8.) The Magistrate Judge observed that in a recent decision, the United States Court of Appeals for the Fourth Circuit held that a prior, vacated decision of an ALJ is not final and the findings in said order are not entitled to any weight. (*Id.* at 8 (citing *Monroe v. Colvin*, 826 F.3d 176, 186–87 (4th Cir. 2016)).) Thus, the Magistrate Judge determined "Plaintiff's argument boils down to whether the ALJ's findings as to Plaintiff's ability to ambulate at Step Three and her resulting RFC are supported by substantial evidence." (*Id.*) The Magistrate Judge found that "the ALJ specifically discussed whether Plaintiff met the requirements of Listing 1.02 and 1.04"; "cited additional evidence to support his findings that Plaintiff did not require an assistive device to ambulate and was capable of engaging in functions consistent with effective ambulation"; and "[g]iven the extensive discussion at Step 3 . . . the ALJ complied with the . . . Council's instructions regarding this issue." (*Id.* at 9.) The Magistrate Judge concluded that "Plaintiff's assertions that the record supports finding that she cannot ambulate effectively essentially asks the [c]ourt to reweigh the evidence, which is not within the province of the [c]ourt." (*Id.* at 11.)

7

As to Plaintiff's frequent medical treatment and absenteeism, the Magistrate Judge found that "[o]n remand from the . . . Council, the ALJ expressly analyzed the evidence concerning Plaintiff's frequent treatment and absenteeism." (*Id.* at 12.) Based on "the ALJ's detailed discussion on this issue," the Magistrate Judge "c[ould] not find that the ALJ 'failed to comply with [] the remand order' as argued by Plaintiff." (*Id.* at 13 (quoting ECF No. 17 at 20).) The Magistrate Judge further found that, "[w]hile Plaintiff argues that the evidence supports a conclusion different from that reached by the ALJ, such an argument essentially asks the [c]ourt to reweigh the evidence, which is not within the province of the [c]ourt." (*Id.* at 14.)

Next, as to the weight assigned to Dr. Fermo's opinion, the Magistrate Judge found the ALJ "provided many reasons for according [Dr. Fermo's] opinions less weight." (*Id.* at 17.) For example, the Magistrate Judge observed that "the ALJ expressly found Dr. Fermo's opinions to be inconsistent with the contemporaneous records of Plaintiff's functioning during the relevant period, as well as inconsistent with Dr. Fermo's initial treatment notes." (*Id.* at 18.) Moreover, the Magistrate Judge further observed that "[t]he ALJ made clear the weight he accorded to Dr. Fermo's opinions, provided specific reasons for the weight given, and addressed many of the [factors] set forth in section 404.1527(c)."[3] Therefore, the Magistrate Judge recommends affirming the Commissioner's final decision. (*Id.* at 20.)

Plaintiff filed an Objection to the Magistrate Judge's Report on January 30, 2019. (ECF No. 22.) First, as to the remand order, Plaintiff asserts "the issue presented herein is not whether an ALJ is required to 'consider' or give 'weight' to his or her prior findings as a general proposition, but rather whether the ALJ complied with the order of the . . . Council." (*Id.* at 2.)

---

[3] Citing *Williams v. Colvin*, the Magistrate Judge observed that the ALJ was not required to address every factor. (*Id.* at 19 (citing *Williams v. Colvin*, Case No. 3:12-cv-1422-JRM, 2013 WL 3338492, at *7 (D.S.C. July 2, 2013)).)

8

Plaintiff contends the remand order of the Council "explicitly contemplated that the[] earlier findings [of the ALJ] would be the starting point . . . . Thus, the need for the ALJ to carefully consider the prior acknowledgment before departing from it finds a basis in the . . . Council's order itself." (*Id.* at 2–3.) Second, as to Plaintiff's frequent medical treatment and absenteeism, "[r]ather than explaining how the ALJ properly analyzed the evidence," Plaintiff argues "the [Report] observes the ALJ analyzed it 'expressly' and contends that the evidence does not establish absenteeism alone would be disabling." (*Id.* at 4.) Plaintiff maintains that "[t]his characterization of the records by the ALJ, and repeated in the [Report], is inaccurate and fails to meaningfully reflect that the records from Dr. Roberts, a psychiatrist who treated [Plaintiff] during the relevant period, document both extensive treatment for her mental disorders and abnormal findings." (*Id.* at 4–5.) According to Plaintiff, the Magistrate Judge also "failed to acknowledge the importance of regular treatment to *prevent* additional serious abnormalities from manifesting." (*Id.* at 5.) Third, as to Dr. Fermo's opinion, Plaintiff argues that "in accordance with authority" that indicates that "a medical opinion from after the date last insured is indeed probative whe[n] . . . it relates back to the relevant period," Plaintiff maintains "the ALJ did err in this case, contrary to the Magistrate Judge's proposal." (*Id.* at 7 (citing *Brown v. Astrue*, Case No. 8:11-cv-03151, 2013 WL 625599, at *15 (D.S.C. Jan. 31, 2013)).)

The Commissioner filed a Reply to Plaintiff's Objection on February 11, 2019. (ECF No. 24.) The Commissioner argues "Plaintiff's Objection[] reargue[s] the same issues raised in her initial brief." (*Id.* at 1–3.) But, if the court finds Plaintiff's objections are specific, the Commissioner argues Plaintiff's objections should be overruled for essentially the same reasons articulated by the Magistrate Judge in the Report. (*Id.* at 3–12.)

9

Plaintiff filed a Reply to the Commissioner's Reply on March 13, 2019. (ECF No. 26.) Plaintiff argues the Commissioner "does not fairly characterize the objections," and "even [if] [Plaintiff] were . . . to argue only that the Magistrate Judge erroneously failed to accept her valid arguments, this would not be a basis to deprive [Plaintiff] of the statutorily mandated review of her objections." (*Id.* at 1.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and that recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a de novo review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a Magistrate Judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a Magistrate Judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (quoting *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004))). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning."); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections

presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 17), Plaintiff's Objection (ECF No. 22), and the Report (ECF No. 21). Plaintiff's Objection restates arguments that she raised in her Brief and are already addressed by the Report. (*Compare* ECF No. 17 at 14–29, *with* ECF No. 22 at 1–7.) (*See also* ECF No. 21 at 6–20.) As such, a de novo review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). Nevertheless, the court briefly addresses the déjà vu character of Plaintiff's Objection.

As to Plaintiff's first issue—whether the ALJ complied with the remand order of the Council—Plaintiff argues the Magistrate Judge misconstrued the issue, stating "the issue presented herein is not whether an ALJ is required to 'consider' or give 'weight' to his or her prior findings as a general proposition, but rather whether the ALJ complied with the order of the . . . Council." (ECF No. 22 at 2.) However, the Magistrate Judge completely understood the issue and addressed it explicitly. The Magistrate Judge observed that

> [o]n remand from the . . . Council, the ALJ found at Step Three that, "[t]hrough the date last insured, claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (R. at 1765.) In making this finding, the ALJ specifically discussed whether Plaintiff met the requirements of Listing 1.02 and 1.04. He concluded "that claimant's degenerative disc disease and osteoarthritis of the knees has not resulted in an inability to ambulate effectively . . . .

(*Id.* at 9.) In footnote 2 of the Report, which is located after the word "effectively" above, the Magistrate Judge stated that "[g]iven the ALJ's *exhaustive discussion* at Step 3, the [Magistrate Judge] finds the ALJ complied with the . . . Council's instructions regarding this issue. (R. at 1807 –08.)" (*Id.* at 9 n.2 (emphasis added).) Later in the Report, as to Plaintiff's frequent medical treatment and absenteeism, the Magistrate Judge found that "[i]n light of the ALJ's detailed discussion on this issue, the [Magistrate Judge] cannot find that the ALJ 'failed to comply with [] the remand order' as argued by Plaintiff." (*Id.* at 13 (quoting ECF No. 17 at 20).) Prior to making these findings, the Magistrate Judge conducted a thorough review of the ALJ's decision, pointing out how it complied with the Council's remand order. (*See* ECF No. 21 at 6–14.) Accordingly, the court declines to hear rehashed arguments from Plaintiff on this issue and overrules Plaintiff's first objection. *See Orpiano*, 687 F.2d at 47.

As to the second issue—Plaintiff's frequent medical treatment and absenteeism—Plaintiff objects that the Magistrate Judge did not "explain[] how the ALJ properly analyzed the evidence [but] observes that the ALJ analyzed it 'expressly' and contends that the evidence does not establish the absenteeism alone would be disabling." (ECF No. 22 at 4 (quoting ECF No. 21 at 12).) Initially, the court observes that the issue raised by Plaintiff was *whether the ALJ complied with the Council's remand order* regarding Plaintiff's frequent medical treatment and absenteeism, not whether the ALJ properly analyzed the evidence on the issue. (*See* ECF No. 17 at 19 ("The ALJ failed to comply with the . . . Council's directives regarding frequent medical treatment and absenteeism.").) Thus, the Magistrate Judge's finding that "[i]n light of the ALJ's detailed discussion on the issue, the [Magistrate Judge] cannot find that the ALJ 'failed to comply with [] the remand order as argued by Plaintiff," directly addresses the issue raised by Plaintiff. (ECF No. 21 at 13 (quoting (ECF No. 17 at 20).) Moreover, while the Magistrate Judge did not make a

13

finding that the ALJ "properly analyzed the evidence," (ECF No. 22 at 4), the Magistrate Judge did find that "substantial evidence supports the ALJ's evaluation of Plaintiff's frequent medical treatment and absenteeism" (ECF No. 21 at 13). The Magistrate Judge did not, as Plaintiff observes, comment on whether the ALJ *properly analyzed* the evidence because "[w]hile Plaintiff argues that the evidence supports a conclusion different from that reached by the ALJ, such an argument essentially asks the [c]ourt to reweigh the evidence, which is not within the province of this [c]ourt." (ECF No. 21 at 14 (citing *Johnson v. Barnhart*, 434 F.3d 650, 655 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ)).) Therefore, as Plaintiff's second objection raises arguments already addressed by the Report, the court overrules Plaintiff's second objection. *See Orpiano*, 687 F.2d at 47.

Much like Plaintiff's first two objections, Plaintiff's third objection also restates arguments that Plaintiff raised in her Brief and are already addressed by the Report. (*Compare* ECF No. 17 at 21–29, *with* ECF No. 22 at 6–7.) (*See also* ECF No. 21 at 14–20.) As such, a de novo review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). Accordingly, the court overrules Plaintiff's third objection.

The court finds that the Report effectively addressed all of the issues raised in Plaintiff's Objection (ECF No. 22). Accordingly, the court overrules Plaintiff's objections and agrees that the Council's decision to deny review was supported by substantial evidence. *See Meyer v. Astrue*, 662 F.3d 700, 704–07 (4th Cir. 2011) (holding that the Council is not required to explain its rationale for denying review and that a federal court may affirm an ALJ's decision if it is supported

14

by substantial evidence); *Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result").

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 22) and the Magistrate Judge's Report (ECF No. 21), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 21), incorporating it herein, and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 25, 2019
Columbia, South Carolina